# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1733-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRENNAN DOYLE,

     Defendant-Appellant.

_____

     Submitted May 22, 2024 – Decided July 23, 2024

     Before Judges Currier and Susswein.

     On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 14-11-1995.

     Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

     Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Brennan Doyle appeals a November 15, 2022 Law Division order denying his petition for Post-Conviction Relief (PCR) without a hearing. Defendant claims he received ineffective assistance from his plea counsel. After carefully considering the record in view of the governing legal principles, we affirm the PCR court's order.

## I.

We discern the following pertinent facts and procedural history from the record. In the early morning hours of July 7, 2013, defendant, then sixteen years old, left his house armed with "about a foot long" knife and went to the victim's residence. Defendant did not know the victim. He stabbed the victim multiple times with the intent to kill her while repeatedly asking her where her car keys were. Defendant took the keys and drove the victim's car to another town. The victim survived.

Defendant was charged as a juvenile with delinquency for acts that if committed by an adult would constitute first-degree carjacking, N.J.S.A. 2C:15-2; first-degree attempted murder, N.J.S.A. 2C:11-3(a)(3) and N.J.S.A. 2C:5-1; third-degree possession of a weapon (knife) for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree possession of a weapon (knife), N.J.S.A. 2C:39-

A-1733-22

5(d). In June 2014, defendant was transferred to adult court pursuant to N.J.SA. 2A:4A-26.1.

Defendant was subsequently charged by indictment with first-degree carjacking, N.J.S.A. 2C:15-2(a) (count one); first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3 (count two); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count three); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count four); third-degree hindering apprehension, N.J.S.A. 2C:29-3(b) (count five); and fourth-degree obstructing the administration of law or other governmental function, N.J.S.A. 2C:29-1 (count six).

On August 27, 2015, defendant pled guilty to counts one and two pursuant to a plea agreement. In exchange for defendant's guilty pleas, the State agreed to recommend a sentence of fifteen years in State Prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The State also agreed to dismiss the remaining counts of the indictment.

On October 29, 2015, defendant was sentenced in accordance with the plea agreement to two concurrent fifteen-year terms of imprisonment subject to NERA. On April 5, 2016, we affirmed the sentences on a sentencing calendar.

On December 5, 2016, the Supreme Court denied defendant's petition for certification. State v. Doyle, 228 N.J. 425 (2016).

In December 2020, defendant filed a pro se petition for PCR. He subsequently filed an amended petition and two certifications. Counsel submitted a brief and appendix in support of defendant's petition.

On November 15, 2022, the PCR court held a non-evidentiary hearing after which it denied defendant's PCR petition on procedural and substantive grounds, rendering an oral decision. This appeal follows.

Defendant raises the following contentions for our consideration:

> POINT I
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIMS THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY PRECLUDING THE OPPORTUNITY TO ARGUE FOR REHABILITATION AND BY FAILING TO ADVOCATE ADEQUATELY AT SENTENCING.
>
> POINT II
>
> THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT'S] PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO THE DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR

4                                                          A-1733-22

WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

## II.

We begin our analysis by acknowledging the legal principles governing this appeal. PCR serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a petitioner must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. Ibid. To meet this burden, the petitioner must allege and articulate specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

In addressing an ineffective assistance of counsel claim, New Jersey courts follow the two-part test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). See State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show that counsel's performance was deficient." State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Strickland, 466 U.S. at 687). "Second, the defendant must have been prejudiced by counsel's deficient performance." Ibid. (quoting Strickland, 466 U.S. at 687).

To meet the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Reviewing courts indulge in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Id. at 689. "A court evaluating a claim of ineffective assistance of counsel must avoid second-guessing defense counsel's tactical decisions and viewing those decisions under the 'distorting effects of hindsight.'" State v. Marshall, 148 N.J. 89, 157 (1997) (quoting Strickland, 466 U.S. at 689).

The second Strickland prong is especially demanding. It requires the defendant show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Put differently, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. Id. at 694. This "is an exacting standard." Gideon, 244 N.J. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). "Prejudice is not to be presumed," but must be affirmatively proven by the defendant. Ibid. (citing Fritz, 105 N.J. at 52, and Strickland, 466 U.S. at 693).

Short of obtaining immediate relief, a defendant may show that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462-63. However, "[i]f

6

the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." Marshall, 148 N.J. at 158 (citations omitted). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

Furthermore, the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The PCR court should grant an evidentiary hearing only when "(1) the defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted." Vanness, 474 N.J. Super. at 623 (citing State v. Porter, 216 N.J. 343, 354 (2013)).

With respect to the first of these three requirements, "[a] prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Porter, 216 N.J. at 355 (quoting R. 3:22-10(b)). "[V]ague, conclusory, or speculative" allegations are

insufficient to warrant an evidentiary hearing.  Ibid. (quoting Marshall, 148 N.J. at 158).

In the context of a PCR petition challenging a guilty plea based on ineffective assistance of counsel, the second prong is established when the defendant demonstrates a "reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial."  State v. Nuñez-Valdez, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)); see also State v. McDonald, 211 N.J. 4, 30 (2012).  Additionally, the defendant must establish that a "decision to reject the plea bargain would have been rational under the circumstances."  Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

## III.

We first address defendant's contention "[t]he PCR court's ruling that [defendant's] petition was time-barred was in error and this [c]ourt should consider the merits of [defendant's] petition because his delay in filing his petition was due to excusable neglect and because there is a reasonable probability that if the defendant's factual assertions were found to be true, enforcement of the time bar would result in a fundamental injustice."

Rule 3:22-12(a)(1)(A) provides:

no petition shall be filed pursuant to this rule more than [five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless:

(A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice.

The five-year time limitation runs from the date of the conviction or sentencing, "whichever the defendant is challenging." State v. Milne, 178 N.J. 486, 491 (2004) (quoting State v. Goodwin, 173 N.J. 583, 594 (2002)). The judgment of conviction in this case was entered on November 2, 2015. Thus, defendant had until November 2, 2020 to file his petition. He acknowledges he filed after the five-year deadline expired.

We thus must consider whether there was excusable neglect. To establish excusable neglect, a defendant must demonstrate more than "a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). The circumstances supporting a finding of excusable neglect must be "exceptional," Goodwin, 173 N.J. at 594, and the PCR "petition itself must allege the facts relied on to support the [excusable neglect] claim." Mitchell, 126 N.J. at 577.

Defendant asserts that the circumstances in this case satisfy the excusable neglect exception because "due to the COVID pandemic, he was unable to access adequately the [prison] law library." However, New Jersey did not declare a public health emergency due to the pandemic until March 9, 2020. Exec. Order No. 103 (Mar. 9, 2020), 52 N.J.R. 549(a) (Apr. 6, 2020). That means defendant had more than four years prior to the COVID-19 emergency to research and file his PCR petition.

Considering those circumstances, the PCR court concluded:

> Although the [c]ourt may use its discretion in waiving the five-year limit due to the pandemic and [defendant's] little to no access to the prison law library, the [c]ourt does find that [defendant's] . . . factual assertions regarding ineffective assistance of counsel are meritless and therefore, enforcement of the time bar would not result in fundamental injustice.

We agree that no fundamental injustice would result to defendant by enforcing the time bar and that defendant has thus failed to establish excusable neglect for missing the PCR filing deadline. But just as the PCR court addressed defendant's contentions on their merits, we too proceed to address them substantively notwithstanding they were untimely filed.

IV.

We next address defendant's contention his attorney rendered constitutionally defective assistance by failing to advise him of the consequences that a guilty plea would have on his ability to argue for rehabilitation. Defendant's argument misconstrues the law governing waiver from juvenile to adult court.

The pertinent portion of N.J.S.A. 2A:4A-26 in effect in 2013[1] provided:

> a. On motion of the prosecutor, the court shall, without the consent of the juvenile, waive jurisdiction over a case and refer that case from the Superior Court, Chancery Division, Family Part to the appropriate court and prosecuting authority having jurisdiction if it finds, after hearing, that:
>
> (1) The juvenile was [fourteen] years of age or older at the time of the charged delinquent act; and
>
> (2) There is probable cause to believe that the juvenile committed a delinquent act or acts which if committed by an adult would constitute:
>
> (a) Criminal homicide other than death by auto, strict liability for drug induced deaths, pursuant to N.J.S. 2C:35-9, robbery which would constitute a crime of the first degree, carjacking, aggravated sexual assault, sexual assault, aggravated assault which would constitute a crime of the second degree, kidnapping, aggravated arson, or gang criminality pursuant to section 1 of P.L.2007, c. 341 (C.2C:33-29) where the

---

[1] This statute has since been repealed.

underlying crime is enumerated in this subparagraph or promotion of organized street crime pursuant to section 2 of P.L.2007, c. 341 (C.2C:33-30) which would constitute a crime of the first or second degree which is enumerated in this subparagraph; or

. . .

e. If the juvenile can show that the probability of his rehabilitation by the use of the procedures, services and facilities available to the court prior to the juvenile reaching the age of [nineteen] substantially outweighs the reasons for waiver, waiver shall not be granted. This subsection shall not apply with respect to a juvenile [sixteen] years of age or older who is charged with committing any of the acts enumerated in subparagraph (a), (i) or (j) of paragraph (2) of subsection a. of this section or with respect to a violation of N.J.S. 2C:35-3, N.J.S. 2C:35-4 or section 1 of P.L.1998, c. 26 (C. 2C:39-4.1).

[(emphasis added).]

In this case, defendant was sixteen when he committed the attempted murder and carjacking. The record shows there was ample probable cause to believe defendant committed carjacking—an offense specifically enumerated in N.J.S.A. 2A:4A-26(a)(2)(a). Thus, the provision that allows a juvenile to show that the probability of his or her rehabilitation prior to reaching the age of nineteen substantially outweighs the reasons for waiver does not apply. In State v. V.A., 212 N.J. 1, 10 (2012), our Supreme Court made clear that "once the State ha[d] established probable cause that a juvenile committed an act

12

equivalent to an enumerated offense, waiver [was] required and the juvenile [was] denied the opportunity to present rehabilitation evidence." There is nothing defendant's plea counsel could have done to avoid that conclusion. We also agree with the PCR court that counsel's alleged failure to inform defendant that rehabilitation evidence would not be relevant with respect to the waiver decision was—as the PCR judge aptly described—"immaterial."

Defendant further argues "the PCR court did not consider that counsel could have made [the ability to argue rehabilitation] a condition of his plea, and that [defendant] did not know this was not a condition of his plea." This argument once again misconstrues the juvenile waiver law. We reiterate the law in effect did not authorize consideration of defendant's prospects for rehabilitation because he was charged with first-degree carjacking. Any subsequent "argument" about rehabilitation would be presented in adult court after the waiver decision had already been made.

In these circumstances, defendant has failed to show his plea counsel was ineffective much less that he has suffered prejudice under the Strickland/Fritz test. Relatedly, defendant has failed to show that he would not have accepted the plea agreement counsel negotiated on his behalf. Defendant faced an

aggregate prison term of fifty years in prison, subject to NERA.[2] Defendant's negotiated maximum prison term was reduced by more than two thirds. That reduction prompted the sentencing judge to comment that had he been the judge at the plea hearing, "[he] would not have accepted this as a just and fair punishment and would not have accepted this plea." We conclude the "plea offer was so attractive that it would defy logic or reason that a defendant would risk a trial." State v. O'Donnell, 435 N.J. Super. 351, 377 (App. Div. 2014).

V.

We turn next to defendant's contention that his "counsel failed to argue adequately at sentencing, resulting in a higher sentence than what could have been imposed if counsel had been an effective advocate." Specifically, defendant argues counsel failed to adequately argue mitigating factor four ("[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense") in light of defendant's "mental health struggles, history of abuse by his father, and drug and alcohol abuse." Because of counsel's deficient performance, defendant argues, "a wealth of mitigating evidence was not presented." He also states that he took mushrooms

---

[2] The judge informed defendant that carjacking is a first-degree crime that carries a maximum period in prison of thirty years. He also informed defendant attempted murder carries a maximum term of twenty years in prison.

14                                                                    A-1733-22

"and was hallucinating and paranoid, and took a knife to protect himself against his father." Defendant contends that but for counsel's deficient performance, his sentence would have been lower.

We disagree. As to mitigating factor four, defendant's counsel at sentencing argued:

> I would submit there are four mitigating factors. Mitigating [f]actor . . . [four] the defendant was under the influence. It's not enough to rise to the level of a defense. We're not submitting that it was. But it certainly is a fact your Honor should consider.

Defendant's counsel further explained to the judge that:

> The reason why his recollection is hazy, your Honor knows from reviewing this file, is that [defendant] was under the influence of hallucinogenic mushrooms on the night of this attack. We had discussed at length whether or not that rose to the level of whether it was a legal defense in this case, whether you can use the defense of intoxication as a way to say to the State that he's not responsible for his actions. We believe that did not rise to the level of intoxication. This is by way of explanation, your Honor, not an excuse. Everything I say here now is by way of explanation.

The record thus shows that counsel made arguments concerning mitigating factor four. At sentencing, defense counsel also addressed defendant's history of abuse and mental health struggles, arguing:

> Certainly there was police involvement at his house. Your Honor knows from the [presentence report (PSR)]

the type of environment [defendant] grew up in but he had not had a prior record. He was essentially a regular young man who on the night in question took way too many hallucinogenic mushrooms, and what happened is what you heard.

The PSR that defense counsel referred to states defendant "was physically abused by his father over the years, noting that he would blacken his eyes and punch him in the head repeatedly." The PSR also indicated defendant "was affected by the dysfunction of his upbringing where there was substance abuse, mental illness and domestic violence throughout his childhood."

The sentencing judge expressly referred to the arguments made by defense counsel, stating, "[a]s correctly pointed out by his experienced and able attorney, the incidents that involved the police before appear to have resulted from family circumstances that occur all too frequently in our society today."

We add that defense counsel at sentencing successfully argued against the application of two aggravating factors urged by the State: factor three, N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense") and six, N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted").

16

In sum, we are satisfied that counsel's performance at sentencing was far from ineffective. Moreover, defendant cannot establish prejudice under the second prong of the Strickland/Fritz test because nothing counsel could have argued would have led to a sentence more lenient than the one contemplated in the favorable plea deal counsel negotiated on defendant's behalf. As we have noted, the sentencing judge commented that he would not have accepted the plea agreement because it was so favorable to defendant.

In these circumstances, we conclude defendant has failed to establish a basis for an evidentiary hearing much less to vacate his convictions or reduce the sentence imposed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1733-22